UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUCAS WILLIAMS,

        Plaintiff,

v.                                 CASE NO. 3:26-cv-21-WWB-SJH

SERGIO JIMENEZ, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) ("Application"). Doc. 2. For the reasons stated herein, the undersigned **recommends** that the Application be **denied** and that this case be **dismissed without prejudice**.

### I.    Background

Plaintiff filed his complaint ("Complaint"), Doc. 1, along with the Application, on January 6, 2026. On February 12, 2026, the undersigned entered an Order ("Prior Order") taking the Application under advisement and, after identifying multiple issues and deficiencies to address and cure, directing that Plaintiff had until February 26, 2026, to: (i) file an amended complaint in accordance with the Court's instructions and all applicable rules and law; and (ii) either pay the applicable filing fee or file an amended application to proceed *in forma pauperis* ("IFP"). Doc. 5. The Prior Order also warned that Plaintiff's failure to do so would likely result in a recommendation

that the Application be denied and that this action be dismissed without prejudice. *Id.* at 5–6. Plaintiff has not paid the applicable filing fee or filed an amended application to proceed IFP, an amended complaint, or anything else in response to the Prior Order.

## II.    Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff who is a natural person to proceed without prepayment of fees or costs where such plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming a motion sufficiently demonstrates a plaintiff meets the financial criteria to proceed IFP, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to

---

[1] In considering whether a party has sufficiently stated a claim under § 1915(e)(2)(B)(ii), the same standards applicable under Rule 12(b)(6) of the Federal Rules of Civil Procedure apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Fed. R. Civ. P. 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010).

rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015).[2]

### III.   Analysis

As explained in the Prior Order, even liberally construed, the Application and Complaint are each deficient. *See* Doc. 5. At the outset, the Application is insufficient as Plaintiff fails to use the Long Form version of the motion to proceed IFP that the Court requires, and it purports to contain only a limited, and inadequate, amount of information addressing Plaintiff's ability to pay the filing fee. *See id.* at 1–2 (citing *Ruzsa v. Comm'r of Soc. Sec.*, No. 6:24-cv-1114-CEM-DCI, 2024 WL 3537369, at *1 (M.D. Fla. July 25, 2024) and *White v. Clearwater Police Dep't*, No. 8:23-cv-932-CEH-MRM, 2023 WL 3584117, at *1 (M.D. Fla. May 22, 2023)). The Prior Order thus directed Plaintiff to either pay the filing fee or file an amended and completed application to proceed IFP, utilizing the appropriate Long Form. *Id.* at 5. Plaintiff failed to do so.

Moreover, even assuming Plaintiff meets the financial criteria to proceed IFP, as the Prior Order explained, the Complaint, even liberally construed, is deficient. *Id.* at 3–4. For example, prior to its demand for monetary relief, the Complaint includes "only terse allegations that '[u]pon information and belief, Defendants conspired with individuals in LT-325749- 22/KI, in which the next court appearance is schedule for

---

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

2/4/26 before Defendant Sergio Jimenez'; that '[a]ll defendants conspired together in violation of due process'; and that the 'Court has jurisdiction under federal law.'" *Id.* (quoting Doc. 1 at 1). As the Prior Order explained, "[s]uch vague and conclusory allegations are insufficient; they neither enjoy a presumption of truth nor advance plausible claims." *Id.* at 4 (citing *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010) and *Pittman v. State Farm Fire & Cas. Co.*, 662 F. App'x 873, 880 (11th Cir. 2016)). In addition, as the Prior Order explained, "the Complaint is unclear as to what claim is alleged and on what basis federal law is asserted as to subject-matter jurisdiction." *Id.* The Prior Order thus directed Plaintiff to file an amended complaint curing the deficiencies identified in, and consistent with the instructions in, the Prior Order. *Id.* at 4–5.[3]

Notably, the Prior Order provided an opportunity to cure the identified deficiencies, if possible, by directing Plaintiff to file an amended pleading and to pay the filing fee or file an amended application to proceed IFP by February 26, 2026. *Id.* at 1–2, 4–6. The Prior Order also expressly warned that a failure to do so would likely result in a recommendation that the Application be denied and this case be dismissed without prejudice. *Id.* at 5–6. However, Plaintiff did not pay the filing fee or file an amended application to proceed IFP, did not file an amended complaint, and did not otherwise attempt to cure the deficiencies noted in the Prior Order. Therefore, the

---

[3] The Prior Order did not purport to address all potential deficiencies in the Complaint. Nor does this Report and Recommendation.

undersigned recommends that the Application be denied and that this case be dismissed without prejudice.

Accordingly, it is respectfully **recommended** that:

1.    The Application (Doc. 2) be **denied**.

2.    This case be **dismissed without prejudice**.

3.    The Clerk of Court be directed to terminate any pending motions and close the file.

### Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on March 9, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Wendy W. Berger

*Pro se* Plaintiff